**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| KEVIN E. LINCK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-07-3078 |
| | * | |
| ARROW ELECTRONICS, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

The Court issued a Memorandum Opinion and Final Order of Judgment in this Employee Retirement Income Security Act ("ERISA") case on August 3, 2009, granting Defendant's Motion for Summary Judgment on its Counterclaim, denying Defendant's Motion for Judgment on the Administrative Record, and granting in part and denying in part Plaintiff's Motion for Summary Judgment. Currently pending before the Court is Plaintiff's Petition for Attorneys' Fees (Doc. No. 51) and Defendant/Counter-Plaintiff Life Insurance Company of North America's Motion for Attorneys' Fees (Doc. No. 50). The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant motions. The issues have been fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will DENY Plaintiff's Petition for Attorneys' Fees, and DENY Defendant/Counter-Plaintiff's Motion for Attorneys' Fees.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Kevin E. Linck ("Linck") severely injured his right shoulder and arm on November 16, 2001, while carrying out his duties for his employer, Arrow Electronics, Inc ("Arrow"). Arrow used a Group Disability Insurance Policy ("Policy") run by Life Insurance Company of North

1

America ("LINA"), which paid Linck disability benefits from the date of his injury up until November 3, 2005, when LINA terminated Linck's benefits on the ground that he was no longer disabled. In early 2005, Link was awarded Social Security Disability Insurance ("SSDI") benefits due to disability caused by his cervical disc disease and migraines. On December 7, 2007 Linck brought suit against LINA for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to recover his long-term disability benefits. On January 4, 2008, LINA counterclaimed against Linck, seeking reimbursement for overpayment of benefits in the amount of $57,527.60. On August 3, 2009, the Court granted in part and denied in part Plaintiff's Motion for Summary Judgment, holding Linck was entitled to long-term disability benefits and awarding Linck monthly benefits of $5,225. The Court also granted LINA's Motion for Summary Judgment on its Counterclaim, holding LINA was entitled to reimbursement for overpayment of benefits in the amount of $57,527.60, due to Plaintiff's failure to deduct for receipt of SSDI. Plaintiff now moves, under ERISA § 502(g)(1), 29 U.S.C. § 1132 (g), for an award of attorneys' fees of $31,112.50 and costs of $408.80 accrued in the litigation in this Court, and additional attorneys' fees in the amount of $34,906.25 accrued during the prosecution of two administrative appeals prior to litigation in this Court. Defendant/Counter-Plaintiff LINA moves for attorneys' fees and costs in the amount of $7,872.70.

## II. ANALYSIS

**1.  Linck's Motion for Attorneys' Fees**

Plaintiff Linck moves for an award of attorneys' fees in the sum of $31,112.50 and costs in the sum of $408.80, pursuant to ERISA § 502(g)(1), and attorneys' fees in the sum of $34,906.25, incurred in the prosecution of two administrative appeals.

### a. Five-Factor Test

ERISA § 502(g)(1), 29 U.S.C. 1132(g), provides for successful ERISA litigants' recovery of attorneys' fees: "the Court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Fourth Circuit has adopted a five-factor test to guide district courts in determining whether to award reasonable attorneys' fees to prevailing litigants. These factors are:

1. degree of opposing parties' culpability or bad faith;

2. ability of opposing parties to satisfy an award of attorneys' fees;

3. whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

4. whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

5. the relative merits of the parties' positions.

*Reinking v. Philadelphia Am. Life Ins. Co.*, 910 F.2d 1210, 1217-1218 (4th Cir. Md. 1990) (quoting *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)).

It is not necessary that all five factors weigh in a party's favor for the award to be justified. *See Reinking*, 910 F.2d at 1218 ("While not all of the five factors listed above may weigh in favor of granting attorney's fees, we find that a fee award is nevertheless appropriate."). Rather, "[t]hese factors simply constitute the nucleus of an inquiry which seeks to identify that unusual case in which the judge may shift fees to further the policies of the statute." *Custer v. Pam Am. Life Ins. Co.*, 12 F.3d 410, 422 (4th Cir. 1993) (citing *Quesinberry v. Life Ins. Co. Of N. Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993)).

The Court's decision on attorneys' fees is discretionary, and there is no presumption that the

prevailing party receive attorneys' fees. *Quesinberry*, 987 F.2d at 1030 ("[w]e do not agree that *Reinking* establishes such a presumption in favor of a prevailing insured or beneficiary"). But, the Court "must also bear in mind the remedial purposes of ERISA to protect employee rights and to secure effective access to federal courts. . . . [I]n order to effectuate the remedial purposes of ERISA, a prevailing individual beneficiary 'should ordinarily recover attorney's fees unless special circumstances would render such an award unjust.'" *Reinking*, 910 F.2d at 1218 (quoting *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotation marks omitted)).

The Court believes that because only two of the five *Reinking* factors weigh in favor of granting Linck attorneys' fees, this case does not constitute "that unusual case in which the judge may shift fees to further the policies" of ERISA. *Custer*, 12 F.3d at 422 (4th Cir. 1993). There was no bad faith or culpability on the part of LINA, no showing that an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances, and no demonstration that the request sought to benefit all participants and beneficiaries of an ERISA Plan or resolved a significant legal question regarding ERISA. While it is undisputed that LINA can satisfy an award of attorneys' fees, and the Court on balance believes the merits of Plaintiff Linck's position are stronger than LINA's, these factors alone do not warrant an award of attorneys' fees in this case. Accordingly, the Court will deny Linck's motion for attorneys' fees.

      **i.      The degree of the opposing party's culpability or bad faith**

The first factor the Court considers in exercising its discretion under ERISA's attorneys' fees provision is the "degree of the opposing party's culpability or bad faith." *Reinking*, 910 F.2d at 1217 (quoting *Bowen*, 624 F.2d at 1266). The Court's Memorandum Opinion finding that LINA had erroneously terminated Linck's benefits on November 2, 2005, precluded the

4

possibility of Linck arguing LINA acted in bad faith, as the Court flatly stated, "the Court does not believe the record supports a finding that LINA acted in bad faith." (Doc. No. 38 at 9-10.) Instead, Linck contends that LINA is culpable for ignoring the evidence in the record because the Court found there was a "vast amount of evidence documenting Linck's pain and complications support[ing] a finding of disability," (Doc. No. 38 at 9) and the Court based its decision entirely on the record before LINA. Linck contends that the Court should find culpability here because the medical evidence was not in balance, but rather, strongly supported Linck's position. Moreover, Linck argues, LINA's continued denial of benefits after two appeals lends additional support to his argument that LINA is culpable.

The Court believes, however, that LINA's misinterpretation of the record falls short of establishing culpability. It appears that LINA simply misinterpreted the evidence, an act which constitutes error, not culpability. LINA relied on evidence in the record in making its determination, including a video surveillance of Plaintiff, a report of an independent consulting physician, and the fact that Plaintiff's disability claims were based on subjective complaints of pain. The Court agrees with LINA that Linck does not point to "more than 'mere negligence or error,'" as he must to support a finding of culpability. *Carolina Care Plan, Inc. v. McKenzie*, 467 F.3d 383, 390 (4th Cir. 2006) (quoting *Wheeler v. Dynamic Eng'g, Inc.*, 62 F.3d 634, 641 (4th Cir. 1995)). "'Culpability connotes conduct that is wrongful, albeit not intentional or deliberate.'" *Clark v. Metro. Life Ins. Co.*, 384 F. Supp. 2d 894, 898 (E.D. Va. 2005) (quoting *Edmonds v. Hughes Aircraft Co.*, 1998 WL 782016 at *4 (E.D. Va. Nov. 6, 1998)).Courts have found culpability where plan administrators have significantly deprived a claimant of a fair review of ERISA benefits, which is not the situation here. *See, e.g.*, *Wheeler v. Dynamic Eng'g*,

5

62 F.3d 634, 641 (4th Cir. 1995) (finding culpability where "[d]ynamic failed to inform Wheeler in a timely fashion that it was amending its medical coverage. Dynamic also failed to determine whether Wheeler might be covered under the 1993 plan, examining coverage only under the 1994 Key Care II plan."); *Clark*, 384 F. Supp. 2d at 900 (finding culpability where "MetLife did not consider carefully Dr. Weeks' opinion that he could not tell if the decedent complied with his doctor's instructions for taking the medications. MetLife did investigate the claim, but that investigation was incomplete."). Accordingly, this factor does not weigh in favor of awarding Linck attorneys' fees.

### ii. The ability of the opposing party to satisfy an award of attorney's fees

Next, the Court examines the ability of the opposing party to satisfy an award of attorneys' fees. *See Reinking*, 910 F.2d at 1218 (quoting *Bowen*, 624 F.2d at 1266). Linck contends that LINA can clearly afford to satisfy the award of attorneys' fees as it "had sales of … almost $2 billion" in 2008, according to Hoover's Dun & Bradstreet online Company Overview. (Doc. No. 7 at 7, citing www.hoovers.com/life-insurance-company-of-north-america.) LINA does not dispute that it can afford to satisfy the award, but notes that this factor alone is insufficient to require LINA to pay attorneys' fees. As such, this factor clearly supports Linck's request for attorneys' fees.

### iii. Possibility of deterrence

Third, the Court considers whether an award of attorneys' fees would deter similar actors in the future. *See Reinking*, 910 F.2d at 1218 (quoting *Bowen*, 624 F.2d at 1266). "[W]hile bad faith must not necessarily be shown before a court should endorse deterrence, the two factors are closely related: '. . . Honest mistakes are bound to happen from time to time, and fee awards are

6

likely to have the greatest deterrent effect where deliberate misconduct is in the offing.'" *American Med. Sec., Inc. v. Larsen*, 31 F. Supp. 2d 502, 506 (D. Md. 1998) (quoting *Foltice v. Guardsman Products Inc.*, 98 F.3d 933, 937 (6th Cir. 1996)). Linck advocates for the imposition of attorneys' fees in circumstances such as that at hand, where the weight of the evidence is decidedly in the claimant's favor. Linck's position is contrary to legal authority, however. *See id.* The Court agrees with LINA that the third factor does not favor Linck's request for attorneys' fees. LINA's conduct was not reprehensible as it relied on substantial evidence that Plaintiff was not disabled, and thus that there is no need to deter its conduct. Thus, the third factor does not support granting attorneys' fees to Linck.

### iv.     Lawsuit's intended beneficiaries

Fourth, the Court considers "whether the party requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself." *See Reinking*, 910 F.2d at 1218 (quoting *Bowen*, 624 F.2d at 1266). Linck contends that because his intent in bringing suit is not part of the record before the Court, the Court could only probe that issue at "an evidentiary hearing on intent" (Doc. No. 55 at 3), and accordingly the Court cannot consider this factor.  The fourth *Reinking* factor has not been interpreted to require the Court to assess the plaintiff's subjective intent in bringing the suit, however. *See, e.g.*, *American Med. Sec., Inc. v. Larsen*, 31 F. Supp. 2d 502, 506 (D. Md. 1998) ("In considering the third factor, the Court must consider the effect which an award against the Commissioner would have against others acting in a similar capacity."). Courts have not required such an analysis precisely because, as the Fourth Circuit stated in *Reinking*, it "would become burdensome [] to engage in an inquiry into the particular employee's subjective

7

motivations in every case." *Reinking*, 910 F.2d at 1218 (quoting *Bowen*, 624 F.2d at 1266). Next, it is clear that this action did not benefit all Plan participants, but rather, strictly Plaintiff. Nor did the facts of the case or the Court's determination of the issues resolve a significant legal question regarding ERISA. Because Plaintiff benefited only himself in bringing the case and the case did not pertain to a novel question of ERISA law, this factor does not support awarding Linck attorneys' fees.

v. **The relative merits of the parties' positions**

The final factor the Court examines is the "relative merits of the parties' positions." *Reinking*, 910 F.2d at 1218 (quoting *Bowen*, 624 F.2d at 1266). Linck argues this factor clearly weighs in his favor since so much of the evidence in the record supports his position. LINA argues that its position also has great merit, as LINA terminated Plaintiff's disability benefits in good faith, and cited ample legal authority supporting its position that Plaintiff was not entitled to benefits under the Plan. The Court believes that Plaintiff presented a much stronger argument than Defendant, however, and thus the Court finds this factor leans towards awarding Linck attorneys' fees.

vi. **Balance of factors**

In sum, only two of the five *Reinking* factors weigh in favor of granting an award of attorneys' fees to Linck, and the Court finds them insufficient to justify such an award. This analysis is compelled by the Fourth Circuit's decision in *Carolina Care Plan, Inc. v. McKenzie*, finding that the district court had abused its discretion in awarding attorneys' fees to a claimant who had succeeded in showing his Plan had erroneously denied coverage of cochlear implants. The Fourth Circuit explained that error did not indicate culpability, and the third and fifth factors

alone could not support a finding of an award of fees. Describing its rationale for not basing an attorneys' fee award on the strength of only the second, third, and fifth factors, the Fourth Circuit explained, "[i]f this were so then virtually every time a claimant prevailed in overturning an administrator's decision denying ERISA benefits, the claimant would be entitled to attorneys' fees." *Carolina Care Plan, Inc. v. McKenzie,* 467 F.3d 383, 390-391 (4th Cir. 2006).

As the Court denies Linck's request for an award of attorneys' fees, the Court does not address LINA's concerns regarding the reasonableness of the requested attorneys' fees.

## 2. LINA's Motion for Attorneys' Fees

LINA also moves for attorneys' fees as the prevailing party on its Motion for Summary Judgment on Counterclaim, also pursuant to ERISA § 502(g)(1). LINA seeks $7,872.70, the total fee for the 24.7 hours LINA's attorneys spent preparing the Motion for Summary Judgment and Reply to Linck's Opposition to that Motion.

As a preliminary matter, Linck contends that LINA is not entitled to attorneys' fees because LINA would not have brought a counterclaim but for LINA's decision to discontinue Linck's benefits. The Court agrees with LINA that there is no merit in Linck's argument that Linck's filing of a claim enabled LINA's counterclaim. Rather, LINA was entitled to file a claim because it had a valid argument that it was entitled to recover under the terms of the Reimbursement Agreement and the Policy. Accordingly, the Court believes that the Court may award attorneys' fees in this case under ERISA § 502(g)(1).

### a. The Five-Factor Test

The Court believes that only one of the five *Reinking* factors, described above, weighs in favor of granting LINA's motion for attorneys' fees. LINA's position is much sounder than

9

Linck's very weak position on the issue of reduction of benefits for receipt of SSDI. But, Linck's position does not rise to the level of culpability, nor is it clear that an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances. Additionally, it is uncertain that Linck can satisfy an award of attorneys' fees. Finally, LINA's claim did not seek to benefit all participants and beneficiaries of an ERISA Plan or resolve a significant legal question regarding ERISA. Accordingly, as only one of the five factors supports an award of attorneys' fees to LINA, the Court will deny LINA's Motion for Attorneys' Fees.

### i. The degree of the opposing party's culpability or bad faith

Linck's defense against LINA's counterclaim, though meritless, did not rise to the level of bad faith or culpability. LINA contends that Linck acted in bad faith when he defended himself against LINA's Counterclaim that Linck had to abide by the clear terms of the Plan and Reimbursement agreement. LINA explains that Linck's failure to cite a single authority, explain why the overpayment was a violation of public policy, or ask the Court to reverse contrary authority, is fatal to his efforts to reverse the law on this issue, and indicates more than mere error or negligence. Linck responds that he asserted this claim not in bad faith, but rather, to preserve it for appeal, and that his public policy argument was justified because under Federal Rule of Civil Procedure 11(b)(2), Linck is "entitled to make a good faith effort to change the law at the appellate level." (Doc. No. 52 at 3.) The Court believes that Linck's defense against LINA's counterclaim was merely erroneous. *See Carolina Care Plan, Inc. v. McKenzie*, 467 F.3d 383, 390 (4th Cir. 2006). Linck fully participated in his defense, and though he failed to present a persuasive defense, he explained that his position was based on public policy and now acknowledges that his intent was to preserve the issue for appeal. Accordingly, the Court

believes that the first factor does not support LINA's request for attorneys' fees.

### ii.     The ability of the opposing party to satisfy an award of attorney's fees

Next, LINA contends that Plaintiff could satisfy an award of attorneys' fees since Plaintiff will receive a net of $85,000 in past due benefits from LINA and is entitled to long-term monthly disability benefits from LINA in the amount of $5,225, less the amount of SSDI monthly benefits Linck receives. Linck responds that he expended substantial fees in litigating this case and that his prevailing in the underlying action does not indicate he is able to pay his adversary's attorneys' fees.

The Court does not believe that a recitation of funds to cover medical benefits Plaintiff received shows that Plaintiff can satisfy an award of attorneys' fees. Presumably the insurance benefits Plaintiff will receive must be spent on disability care. Accordingly, the Court believes this factor does not weigh favor of granting LINA's Motion.

### iii.    Possibility of deterrence

LINA contends that an award of attorneys' fees would "discourage plan participants from challenging the express, plain, and unambiguous terms of the policies they purchase and the reimbursement agreements they sign." (Doc. No. 50 at 6.) Linck responds that 1) the facts of this case are so unique that an award of attorneys' fees in this case would not influence other claimants, and 2) parties should not be deterred from preserving issues for appeal. As the Court has found that Linck's conduct was not reprehensible, the Court does not believe deterrence is necessary. Thus, this factor does not militate towards granting attorneys' fees to LINA.

### iv.     Lawsuit's intended beneficiaries

LINA concedes that this factor does not weigh in favor of awarding attorneys' fees to

LINA.

### v. The relative merits of the parties' positions.

LINA's position is significantly stronger than Linck's unsupported, meritless position. LINA correctly argues that this factor weighs strongly in its favor because Linck's position in opposition to LINA's motion was devoid of cogent arguments or citations, and there was a vast body of authority supporting LINA's position. Linck contends that he was entitled to preserve the issue for appeal. Linck's desire to change the law on this issue cannot excuse his failure to cite any law, however. Accordingly, this factor weighs heavily in favor of awarding attorneys' fees to LINA.

### vi. Balance of factors

Ultimately the Court finds that only one of five factors weighs in LINA's favor. Accordingly, LINA falls far short of demonstrating that fee shifting is warranted in this case. As such, the Court will deny LINA's motion for attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Petition for Attorneys' Fees, and deny Defendant/Counter-Plaintiff's Motion for Attorneys' Fees. A separate Order will follow.

|     June 14, 2010     |     /s/     |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |